Singh v. Garland

BIA
Wright, IJ
A205 585 712

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand twenty-four.

PRESENT:
>DENNIS JACOBS,
>RAYMOND J. LOHIER, JR.,
>SARAH A. L. MERRIAM,
>>*Circuit Judges.*

_____

BALJINDER SINGH,
>*Petitioner,*

>v.                                                                   **22-6491**
>                                                                       **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Esq., Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Jennifer P. Wiliams, Trial Attorney, Office of Immigration Litigation; United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Baljinder Singh, a native and citizen of India, seeks review of a September 28, 2022, decision of the BIA affirming a July 5, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See in re Baljinder Singh*, No. A 205 585 712 (B.I.A. Sept. 28, 2022), *aff'g* No. A 205 585 712 (Immigr. Ct. N.Y. City July 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA and consider only the findings on which the BIA relied. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary." 8 U.S.C. § 1252(b)(4)(B). We review factual matters under the substantial evidence standard, "uphold[ing] the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record. By contrast, we review *de novo* questions of law and the BIA's application of law to undisputed fact." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (citations and quotation marks omitted).

Singh, who is a Sikh from Punjab and a member of the Akali Dal Mann Party, asserted that, in December 2012, members of the rival Congress Party threatened to kill him if he did not join their party, and that, in January 2013, Congress Party members slapped and punched him. An asylum applicant has the burden to establish that he has suffered past persecution or has a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b). The agency reasonably concluded that Singh had not suffered harm rising to the level of persecution, and that he had not met his burden to establish that he could not avoid future persecution by relocating within India.

The agency considers past harm in the aggregate, *see Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005), and a past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir.

3

2006). However, "persecution does not encompass mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006). The IJ reasonably concluded that the two incidents Singh described did not rise to the level of persecution, particularly given Singh's testimony that he did not take the threat seriously and that he was not injured by the physical assault. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and quotation marks omitted)). Generally, "threats of persecution, no matter how credible, do not demonstrate past persecution." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014). And although "violent conduct generally goes beyond the mere annoyance and distress that characterize harassment," *Ivanishvili*, 433 F.3d at 342, the physical assault on Singh did not occur in the context of an arrest or detention, and he did not allege injury or require medical attention, *see Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (per curiam) (noting that beatings, even in the context of detention, do not "constitute[] persecution per se").

Absent past persecution, Singh had the burden to establish a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(a), (b). In such cases, "the applicant shall bear the burden of establishing that it would not be reasonable for him . . . to relocate, unless the persecution is by a government or is government-

4

sponsored." *Id.* § 1208.13(b)(3)(i).[1]  Contrary to Singh's assertion otherwise, members of a rival political party are not *per se* government actors.  *See Jagdeep Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021) ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or . . . is aligned with a party in power nationally—does not establish that the applicant was persecuted by the government.").  Accordingly, he had the burden to establish that he could not relocate in India.

Singh testified that he could not relocate because landlords would turn over information to the police, who would then inform the Congress Party of his location.  However, the country conditions evidence does not indicate that police routinely track members of opposition parties, and Singh points to no evidence that police would be interested in tracking him specifically.  *Id.* at 117 (finding it reasonable to expect the petitioner to relocate within India where the record reflected "no central countrywide registration system or nationwide police database that [a rival party] could use to track rivals").  Singh also alleged that he would face difficulty relocating because of his Sikh identity, but the past threat

[1] Portions of this regulation were amended in 2021, but the language cited here from 8 C.F.R. § 1208.13(b)(3)(i) was not altered. Singh does not contend that the amendments to the regulation would impact the outcome of his petition.

5

and assault occurred in or near his village in Punjab, and his country conditions evidence acknowledges reports that Sikhs do not face difficulty relocating to other areas in India. *See* Certified Administrative Record at 298–99 (Immigration and Refugee Board of Canada); *see also Jagdeep Singh*, 11 F.4th at 118 ("In the end, what we recognized fifteen years ago remains true today: An Indian citizen . . . is unlikely to face persecution for his Sikh beliefs and his membership in Akali Dal Mann and any threat faced by [such an applicant] in India is not country-wide." (citation and quotation marks omitted)).

Singh's ability to relocate is dispositive of his claims for asylum, withholding of removal, and CAT protection. *See* 8 C.F.R. §§ 1208.13(b)(3)(i), 1208.16(b)(3)(i), (c)(2), (c)(3)(ii); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that an applicant who fails to demonstrate the well-founded fear of future persecution required for asylum "necessarily fails to demonstrate the 'clear probability of future persecution' required for withholding of removal, and the 'more likely than not' to be tortured standard required for CAT relief" (citations omitted)).

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court